JAMES A. GONIEA (State Bar No. 170849)
jgoniea@americandriveline.com
AMERICAN DRIVELINE SYSTEMS, INC.
201 Gibraltar Road
Horsham, PA 19044
Telephone: (610) 668-2900
Facsimile: (610) 664-5897

JOEL D. SIEGEL (State Bar No. 155581)
joel.siegel@snrdenton.com
KAREN C. MARCHIANO (State Bar No. 233493)
karen.marchiano@snrdenton.com
SNR DENTON US LLP
1530 Page Mill Road, Suite 200
Palo Alto, California 94304
Telephone: (650) 798-0300
Facsimile: (650) 798-0310

Attorneys for Plaintiff
AAMCO TRANSMISSIONS, INC.

**FILED**

JUL 30 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Fee paid 

SI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

AAMCO TRANSMISSIONS, INC., a
Pennsylvania corporation,

　　　　Plaintiff,

vs.

HOMAYON NIKBAKHSTTALI, an
individual,

　　　　Defendant.

Case No. CV 12-03999 LB

COMPLAINT FOR

(1) Trademark Infringement - Lanham Act;

(2) Trademark Dilution;

(3) Unfair Competition in Violation of Business & Professions Code Section 17200;

(4) Common Law Trademark and Tradename Infringement; and

(5) Conversion

Complaint

## Introduction

1. Plaintiff AAMCO Transmissions, Inc. ("ATI") brings this lawsuit to stop Defendant Homayon Nikbakhsttali ("Defendant") from using ATI's "AAMCO" trademarks at Defendant's automobile repair shop in San Jose, California, and to obtain related relief. The California Bureau of Automotive Repairs previously revoked Defendant's automobile repair dealer license, and ATI has not authorized Defendant to use its marks. Among other things, Defendant should take down all AAMCO-branded signage, stop using AAMCO-branded materials, transfer to ATI a telephone number associated with the AAMCO marks, and refrain from advertising or holding out his business as sponsored by or associated with ATI. ATI should be awarded the profits Defendant made while trading off of the AAMCO marks, as well as ATI's damages, trebled, and ATI's costs and attorneys fees.

## Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. sections 1331 and 1338, and 15 U.S.C. section 1121 because this action arises under the Lanham Act under 15 U.S.C. sections 1051-1127. Because the state law claims arise out of the same facts, circumstances, and transactions as the federal law claims, this Court should exercise supplemental jurisdiction over the state law claims under 28 U.S.C. section 1367.

3. Venue is proper in this district because the acts of infringement and unfair competition are occurring in this district. 28 U.S.C. § 1391(b).

## Intradistrict Assignment

4. This action should be assigned to the San Jose division because it arises in the county of Santa Clara.

## Parties

5. Plaintiff AAMCO Transmissions, Inc. ("ATI") is a Pennsylvania corporation with its principal place of business at 201 Gibraltar Road, Horsham, Pennsylvania 19044.

6. ATI is informed and believes and on that basis alleges that Defendant Homayon Nikbakhsttali is an adult individual who is a citizen of California, with a principal place of business at 75 S. Capitol Avenue, San Jose, CA 95127.

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CA 94304
(650) 798-0300

### ATI's Longstanding Use of the AAMCO Marks

7. Since at least 1963, ATI has continuously used the name "AAMCO" as its trade name, trademark and service mark in connection with the operation of automobile repair centers. It is the owner of the following marks registered on the principal register of the United States Patent and Trademark office for "automobile repair services":

| Registration # | Description |
| --- | --- |
| 851,209 | The name "AAMCO" |
| 860,330 | Pictorial representation containing the name "AAMCO" |
| 1,127,710 | Pictorial representation containing the name "AAMCO Transmissions" |
| 3,875,638 | The word "AAMCO" outlined in between the words "Transmission" and "Total Car Care", both on top of an irregular-shaped octagon, all of where are contained in an irregular-shaped hexagon |

8. ATI is engaged in interstate commerce in, *inter alia*, the business of franchising or licensing others to use the mark and name "AAMCO" in the operation of automobile repair centers throughout the United States and Canada.

9. The AAMCO trade name and trademark have become universally associated with the repair of automobiles and the operation of automobile repair centers. As a result, ATI owns common-law trade name and trademark rights in the name AAMCO and in the marks described above. By virtue of the long use and promotion and the resulting fine public reputation of the trade name AAMCO, there exists a secondary meaning in the name AAMCO and the above marks. The AAMCO names and marks are distinctive and famous.

10. Large sums of money have been spent in advertising and promoting the services sold under the AAMCO trade name and trademarks, and today ATI has a substantial business and a long established goodwill associated with the name and the marks in connection with the services provided under its name and marks. ATI and its authorized licensees have used the AAMCO name and marks to identify their goods and services and to distinguish them from those made and sold by

-2-

Complaint

others, by, among other things, prominently displaying the AAMCO name and marks on storefronts, letterhead, bills, direct mail advertising, telephone directory advertising, signs, billboards, television and radio advertising, internet websites, and in periodicals distributed throughout the United States.

11. ATI has a vital interest in protecting its trade name and trademarks and the preservation and protection thereof are essential to the maintenance of ATI's quality automobile repair centers and the goodwill and reputation associated therewith. To supervise and control use of its trade name and trademarks, ATI has established standards and policies governing the quality of service to be provided to the public and has established procedures calling for the inspection of franchisees' centers to determine that the standards and policies are being followed.

### Defendant's Wrongful Conduct

12. Without ATI's authorization, Defendant is displaying the AAMCO name and marks, including, without limitation, on building signs and on other items at Defendant's automobile repair business located at 75 S. Capitol Ave., San Jose, CA 95127. Defending is also using a telephone number ((408) 923-0510) that has been associated with the AAMCO trademarks. Defendant's unauthorized use of the AAMCO name and marks affects interstate commerce.

13. Defendant is using ATI's proprietary software (FOCUS) and ATI's proprietary materials, including, without limitation, manuals, training materials, and advertising materials, without a license or permission to do so.

14. On July 25, 2012, James Goniea, Vice President and General Counsel for American Driveline Systems, Inc. (the parent corporation for ATI), spoke with Defendant by telephone and demanded that Defendant immediately cease infringing the AAMCO marks, deidentify his automobile repair business so it was not associated with the AAMCO marks, return all proprietary materials and materials bearing the AAMCO marks, uninstall ATI's propriety software (FOCUS), and transfer to ATI the telephone number that had been associated with the AAMCO marks ((408) 923-0510). Defendant has not complied with this demand.

## FIRST CLAIM FOR RELIEF

### (TRADEMARK INFRINGEMENT - LANHAM ACT)

15. ATI hereby realleges and incorporates by reference Paragraphs 1 through 14 above, as set though set forth in full.

16. Defendant has violated 15 U.S.C. section 1125(a), because Defendant has used in connection with his automobile repair business a false designation of origin, and a false or misleading description and representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with ATI, and as to the origin, sponsorship, or approval of Defendant's automobile repair services and products by ATI. Because of Defendant's wrongful use of the AAMCO marks, members of the public and purchasers of Defendant's goods and services are likely to believe that Defendant's products and services are made by, provided by, sponsored by, approved by, or affiliated with ATI, when they are not.

17. Defendant's acts of trademark infringement were committed knowingly with the intent to cause confusion, mistake and to deceive. Defendant's acts constitute willful trademark infringement in violation of 15 U.S.C. §1125.

18. Defendant's use of the AAMCO name and marks in connection with Defendant's business is an infringing use in violation of 15 U.S.C. § 1114.

19. By reason of Defendant's acts, ATI's business and goodwill have been damaged, and, upon information and belief, ATI has lost sales and profits ATI would have made but for Defendant's acts, in an amount to be proven at trial.

20. Pursuant to 15 U.S.C. §1117, ATI is entitled to recover Defendant's profits at his automotive repair center for the period during which he has engaged in the above-described trademark infringement, plus any damages sustained by ATI, which damages may be trebled, plus the costs of this action and attorneys' fees.

21. Unless restrained and enjoined, Defendant will continue to do the acts complained of herein, to ATI's irreparable harm. It would be difficult to ascertain the amount of compensation which would afford ATI adequate relief from such continuing acts, and a multiplicity of judicial

proceedings would be required. ATI's remedy at law is not adequate to compensate it for the injuries threatened.

22. Pursuant to 15 U.S.C. §1116, ATI is entitled to injunctive relief to protect its rights under the Lanham Act.

## SECOND CLAIM FOR RELIEF

## (TRADEMARK DILUTION)

23. ATI hereby realleges and incorporates by reference Paragraphs 1 through 22 above, as though set forth in full.

24. The AAMCO marks are distinctive and famous within the meaning of 15 U.S.C. section 1125(c) because, inter alia, the AAMCO name has been used continuously since at least 1963 throughout the United States; ATI has engaged in wide-ranging advertising and publicity of the marks for decades; the marks are used on products and services distributed through varied channels of trade; and the marks are well recognized by the public.

25. Defendant's use of the AAMCO marks began after the marks became famous.

26. Defendant's use of the AAMCO marks will cause dilution of the distinctive quality of the AAMCO marks.

27. ATI is informed and thereon alleges that Defendant has willfully intended to trade on ATI's reputation or to cause dilution of ATI's famous marks.

28. By reason of Defendant's acts, ATI's business and goodwill have been damaged, and, upon information and belief, ATI has lost sales and profits ATI would have made but for Defendant's acts, in an amount to be proven at trial.

29. Pursuant to 15 U.S.C. §1117, ATI is entitled to recover Defendant's profits at his automotive repair center for the period during which he has engaged in the above-described trademark infringement, plus any damages sustained by ATI, which damages may be trebled, plus the costs of this action and attorneys' fees.

30. Unless restrained and enjoined, Defendant will continue to do the acts complained of herein, to ATI's irreparable harm. It would be difficult to ascertain the amount of compensation which would afford ATI adequate relief from such continuing acts, and a multiplicity of judicial

proceedings would be required. ATI's remedy at law is not adequate to compensate it for the injuries threatened.

### THIRD CLAIM FOR RELIEF

### (UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200)

31. ATI hereby realleges and incorporates by reference Paragraphs 1 through 30 above, as though set forth in full.

32. ATI's services, products, and advertising have been distributed throughout the United States and Canada, and specifically in the area where Defendant does business. As a result of the services and products offered and advertised by ATI under the AAMCO name and marks, the AAMCO name and marks have developed and now have a secondary and distinctive trademark and trade name meaning to consumers throughout the United States. Consumers have come to exclusively identify the AAMCO name and marks with quality services originating with ATI and its affiliated companies, such as its licensed franchisees. As a result of consumers' association of the AAMCO name and marks with ATI, Defendant's continued use of the AAMCO name and marks is likely to cause confusion among consumers, cause consumers to identify Defendant's goods and services as those of ATI, or cause consumers to conclude that ATI has some connection with the provision of Defendant's services and goods, when they do not.

33. Defendant has committed and continues to commit acts of unlawful and unfair competition in violation of California Business and Professions Code section 17200 by:

 (a) Using the AAMCO name and marks without authorization;

 (b) Using the AAMCO name and marks with the intent to deceive the public into believing that Defendant's products, services and activities are made by, provided by, sponsored by, or affiliated with ATI or its affiliates;

 (c) Using the AAMCO name and marks with the intent to pass off and palm off their services as the services of ATI, and with the intent to deceive and defraud the public;

 (d) Using ATI's proprietary materials, including, without limitation, software (FOCUS), manuals, training materials, and advertising materials, without permission or license;

Complaint

1 and

2       (e) Using a phone number ((408) 923-0510) associated with the AAMCO marks.

3   34. By reason of Defendant's acts alleged herein, ATI has suffered injury in fact and has lost money or property, in an amount to be proven at trial, for which Defendant is required to make restitution. Defendant has been unjustly enriched in an amount to be proven at trial.

35. Unless restrained and enjoined, Defendant will continue to do the acts complained of herein, to ATI's irreparable harm. It would be difficult to ascertain the amount of compensation which would afford ATI adequate relief from such continuing acts, and a multiplicity of judicial proceedings would be required. ATI's remedy at law is not adequate to compensate it for the injuries threatened.

## FOURTH CLAIM FOR RELIEF

### (COMMON LAW TRADEMARK AND TRADENAME INFRINGEMENT)

36. ATI hereby realleges and incorporates by reference paragraphs 1 through 35 above, as though set forth in full.

37. ATI has marketed, advertised and sold its automobile repair services throughout the United States, and specifically in the area where Defendant is doing business.

38. As a result of ATI's continuous use of the AAMCO name and marks since at least 1963, the AAMCO name and marks have developed tremendous goodwill and secondary meaning throughout the United States, including in California.

39. Consumers have come to exclusively identify the AAMCO name and marks with quality services and products originating with ATI and its affiliated companies, such as its licensed franchisees.

40. Defendant's unauthorized use of the AAMCO name and marks, including, but not limited to, Defendant's infringing use at Defendant's automobile repair business located at 75 S. Capitol Ave., San Jose, CA 95127, was done willfully and with the intention and likely result of confusing, misleading and deceiving consumers into believing that Defendant's services and products are provided by, sponsored by, or endorsed by ATI, or that Defendant is otherwise affiliated with ATI.

41. Defendant's acts, as alleged herein, constitute unfair competition and willful infringement of the AAMCO name and marks in violation of common law.

42. By reason of Defendant's acts alleged herein, Defendant has wrongfully earned profits, ATI's business and goodwill have been damaged, and, upon information and belief, ATI has lost sales and profits ATI would have made but for Defendant's acts, in an amount to be proven at trial.

43. Unless restrained and enjoined, Defendant will continue to do the acts complained of herein, to ATI's irreparable harm. It would be difficult to ascertain the amount of compensation which would afford ATI adequate relief from such continuing acts, and a multiplicity of judicial proceedings would be required. ATI's remedy at law is not adequate to compensate it for the injuries threatened.

## FIFTH CLAIM FOR RELIEF

### (CONVERSION)

44. ATI hereby realleges and incorporates by reference paragraphs 1 through 43 above, as though set forth in full.

45. Defendant has wrongfully exercised control over ATI's property, including, without limitation, ATI's proprietary materials, including, without limitation, software (FOCUS), manuals, training materials, and advertising materials. ATI owns this property and has the right to possess it.

46. Defendant has intentionally and substantially interfered with ATI's property by taking possession of it, and by failing to return it after ATI demanded its return.

47. ATI has not consented to Defendant's possession of ATI's property.

48. ATI has been harmed by Defendant's possession of ATI's property, in an amount to be proven at trial.

49. ATI is entitled to specific recovery of the property.

///

**Prayer for Relief**

WHEREFORE, ATI requests the following relief:

*On the First and Second Claims for Relief:*

1. That Defendant, his agents, servants, employees and those persons in active concert or participation with him, be preliminarily and permanently enjoined and restrained from:

    (a) using in any manner, including, without limitation, on or in any signs, stationery, letterhead, forms, printed matter or advertising, the marks "AAMCO", "AAMCO Transmissions" or similar names, words, or marks;

    (b) advertising or otherwise holding themselves out, directly or indirectly, as an authorized franchisee of ATI or as being in any way sponsored by, approved by, or connected or associated with ATI; and,

    (c) doing anything to cause potential purchasers of automotive repair services to believe that any services or repairs performed by Defendant or any business with which he is associated originate with ATI or are endorsed or sponsored by ATI;

2. That Defendant, his agents, servants, employees and those persons in active concert or participation with him, be ordered to:

    (a) deliver to ATI or to persons designated by the Court all materials, including, without limitation, signs, stationery, letterhead, forms, software, manuals, training materials, advertising materials, and printed matter, in their possession, custody, or control, which contain the marks "AAMCO", "AAMCO Transmissions", or similar names or marks;

    (b) transfer to ATI the telephone number (408) 923-0510, and any other telephone numbers listed under the designation "AAMCO Transmission" or any similar designation, and execute any instruments and take such steps as may be necessary or appropriate to transfer each such telephone number;

    (c) uninstall ATI's proprietary software (FOCUS) and deliver it to ATI or to persons designated by the Court;

    (d) assign any domain names using ATI's name or marks to ATI; and

    (e) cancel all registrations, licenses, fictitious business name statements,

trademark registration, and filings with the State of California or other entities, which includes the "AAMCO" name or similar designations;

3. That counsel for ATI be designated by the Court as Defendant's attorney-in-fact to execute any instruments and take such steps as may be necessary or appropriate to transfer to ATI the telephone number (408) 923-0510 and each telephone number listed under the designation "AAMCO Transmission" or any similar designation, if Defendant fails to transfer such number(s);

4. That Defendant be ordered to provide an accounting pursuant to 15 U.S.C. §1117(a), of his profits at his competing business and that these profits be awarded to ATI, along with all other damages for Defendant's violation of ATI's trademark rights, trebled in accordance with 15 U.S.C. §1117(a);

5. That the Court determine that this is an exceptional case, and therefore award ATI's attorneys' fees; and

6. That Defendant be ordered to file with the Court and to serve on ATI within thirty (30) days after the issuance of any preliminary and/or permanent injunction herein, a report in writing, under oath, setting forth in detail the measures undertaken by Defendant to comply with such injunction.

*On the Third Claim for Relief:*

1. That Defendant, his agents, servants, employees and those persons in active concert or participation with him, be preliminarily and permanently enjoined and restrained from:

(a) using in any manner, including, without limitation, on or in any signs, stationery, letterhead, forms, printed matter or advertising, the marks "AAMCO", "AAMCO Transmissions" or similar names, words, or marks;

(b) advertising or otherwise holding themselves out, directly or indirectly, as an authorized franchisee of ATI or as being in any way sponsored by, approved by, or connected or associated with ATI; and,

-10-

Complaint

    (c)    doing anything to cause potential purchasers of automotive repair services to believe that any services or repairs performed by Defendant or any business with which he is associated originate with ATI or are endorsed or sponsored by ATI.

2. That Defendant, his agents, servants, employees and those persons in active concert or participation with him, be ordered to:

    (a)    deliver to ATI or to persons designated by the Court all materials, including, without limitation, signs, stationery, letterhead, forms, software, manuals, training materials, advertising materials, and printed matter, in their possession, custody, or control, which contain the marks "AAMCO", "AAMCO Transmissions", or similar names or marks;

    (b)    transfer to ATI the telephone number (408) 923-0510, and any other telephone numbers listed under the designation "AAMCO Transmission" or any similar designation, and execute any instruments and take such steps as may be necessary or appropriate to transfer each such telephone number;

    (c)    uninstall ATI's proprietary software (FOCUS) and deliver it to ATI or to persons designated by the Court;

    (d)    assign any domain names using ATI's name or marks to ATI;

    (e)    cancel all registrations, licenses, fictitious business name statements, trademark registration, and filings with the State of California or other entities, which includes the "AAMCO" name or similar designations; and

    (f)    cease using all of ATI's proprietary materials and return to counsel for ATI in this matter all of ATI's proprietary materials, including, without limitation, manuals, training materials, and advertising materials.

3. That counsel for ATI be designated by the Court as Defendant's attorney-in-fact to execute any instruments and take such steps as may be necessary or appropriate to transfer to ATI the telephone number (408) 923-0510 and each telephone number listed under the designation "AAMCO Transmission" or any similar designation, if Defendant fails to transfer such number(s).

4. That Defendant be required to account to ATI for any and all profits and other

-11-

gains derived by Defendant by reason of the acts of infringement and unfair competition complained of herein.

5. That the Court award ATI restitution in an amount to be proven at trial; and

6. That Defendant be ordered to file with the Court and to serve on ATI within thirty (30) days after the issuance of any preliminary and/or permanent injunction herein, a report in writing, under oath, setting forth in detail the measures undertaken by Defendant to comply with such injunction.

*On the Fourth Claim for Relief:*

1. That Defendant, his agents, servants, employees and those persons in active concert or participation with him, be preliminarily and permanently enjoined and restrained from:

(a) using in any manner, including, without limitation, on or in any signs, stationery, letterhead, forms, printed matter or advertising, the marks "AAMCO", "AAMCO Transmissions" or similar names, words, or marks;

(b) advertising or otherwise holding themselves out, directly or indirectly, as an authorized franchisee of ATI or as being in any way sponsored by, approved by, or connected or associated with ATI; and,

(c) doing anything to cause potential purchasers of automotive repair services to believe that any services or repairs performed by Defendant or any business with which he is associated originate with ATI or are endorsed or sponsored by ATI;

2. That Defendant, his agents, servants, employees and those persons in active concert or participation with him, be ordered to:

(a) deliver to ATI or to persons designated by the Court all materials, including, without limitation, signs, stationery, letterhead, forms, software, manuals, training materials, advertising materials, and printed matter, in their possession, custody, or control, which contain the marks "AAMCO", "AAMCO Transmissions", or similar names or marks

(b) transfer to ATI or at ATI's direction the telephone number (408) 923-0510, and any other telephone numbers listed under the designation "AAMCO Transmission" or any similar designation, and execute any instruments and take such steps as may be necessary or

-12-

appropriate to transfer each such telephone number;

(c) uninstall ATI's proprietary software (FOCUS) and deliver it to ATI or to persons designated by the Court;

(d) assign any domain names using ATI's name or marks to ATI;

(e) cancel all registrations, licenses, fictitious business name statements, trademark registration, and filings with the State of California or other entities, which includes the "AAMCO" name or similar designations; and

(f) cease using all of ATI's proprietary materials and return all of ATI's proprietary materials, including, without limitation, manuals, training materials, and advertising materials to counsel for ATI in this matter.

3. That counsel for ATI be designated by the Court as Defendant's attorney-in-fact to execute any instruments and take such steps as may be necessary or appropriate to transfer to ATI the telephone number (408) 923-0510 and each telephone number listed under the designation "AAMCO Transmission" or any similar designation, if Defendant fails to transfer such number(s);

4. That Defendant be required to account to ATI for any and all profits and other gains derived by Defendant by reason of the acts of infringement and unfair competition complained of herein;

5. That the Court award ATI all damages ATI sustained because of the infringement, in an amount to be proven at trial; and

6. That Defendant be ordered to file with the Court and to serve on ATI within thirty (30) days after the issuance of any preliminary and/or permanent injunction herein, a report in writing, under oath, setting forth in detail the measures undertaken by Defendant to comply with such injunction.

***On the Fifth Claim for Relief***

1. That the Court award ATI all damages sustained because of the conversion, in an amount to be proven at trial;

2. That the Court order Defendant to deliver to ATI or to persons designated by the

-13-

Court, ATI's property, including, but not limited to, ATI's proprietary materials, including, but not limited to, software (FOCUS), manuals, training materials, and advertising materials.

*On Each and Every Claim for Relief*

1. For ATI's costs in this suit;
2. For ATI's attorneys' fees;
3. For prejudgment interest; and
4. For such other relief as this Court may deem necessary or appropriate.

Dated: July 30, 2012                    SNR DENTON US LLP


By _____
            KAREN C. MARCHIANO

Attorneys for Plaintiff
AAMCO Transmissions, Inc.

-14-